# LAVELY & SINGER
### PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
MICHAEL D. HOLTZ
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL

SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
FACSIMILE (310) 556-3615
www.LAVELYSINGER.com

TODD S. EAGAN△
ANDREW B. BRETTLER*
DAVID B. JONELIS
ZEV F. RABEN△
JONATHAN M. KLEIN

ALLISON S. HART
HENRY L. SELF, III
OF COUNSEL

△ ALSO ADMITTED IN NY
* ALSO ADMITTED IN NY AND NJ

March 9, 2017

**VIA ECF and FEDERAL EXPRESS**

Hon. Paul A. Crotty
United States District Court
500 Pearl Street, Chambers 1350
New York, New York 10007

      **Re:**    **Twelve Sixty LLC v. Extreme Music Library Ltd., No. 17-cv-01479-PAC**
             Our File No. 6051-8

Dear Judge Crotty:

Along with co-counsel at Marderosian & Cohen, our firm represents plaintiffs Twelve

Sixty LLC, Aron Marderosian, and Robert Marderosian (collectively, "Plaintiffs") in the above-

referenced action.  We are writing pursuant to Rule 3D of your Honor's Individual Practices to

request a pre-motion conference in connection with Plaintiffs' anticipated motion for leave to file

an amended complaint.

On September 27, 2016, Plaintiffs commenced this action against Extreme Music Library

Ltd. and Extreme Music Ltd. (together, "Extreme Music") in the Central District of California.

[ECF. No. 1.]  On November 30, Extreme Music filed a motion to strike and a motion to dismiss

Counts 2 through 11 of the Complaint (together, the "Motions").  After the Motions were fully

briefed, on February 2, 2017, the Honorable R. Gary Klausner issued an order to show cause why

the case should not be transferred to the Southern District of New York.  [ECF No. 21.]

Hon. Paul A. Crotty
Re:  **Twelve Sixty LLC v. Extreme Music Library Ltd.**
March 9, 2017
Page 2
_____

Following written submissions by the parties [ECF Nos. 24-25], and without ruling on the

Motions, on February 22, Judge Klausner transferred the case to this Court.  [ECF Nos. 26-27.]

Now that the action is pending before this Court, Plaintiffs respectfully seek leave to

amend their complaint to add new defendants, who were not previously subject to the California

federal court's jurisdiction, and to revise and streamline the causes of action.  Specifically,

Plaintiffs intend to eliminate several claims including claims for (1) breach of the covenant of

good faith and fair dealing; (2) breach of fiduciary duty; (3) promissory estoppel; (4) interference

with contractual relations; (5) intentional interference with prospective business relations and

economic advantage; (6) violation of California Business and Professions Code section 17200;

(7) common law unfair competition; (8) unjust enrichment; and (9) constructive trust.  In

addition, Plaintiffs seek leave to add facts in support of the remaining claims and to assert a new

claim for breach of implied in fact contract against Extreme Music.  After the case was

transferred, my co-counsel, Michael Marderosian, contacted Extreme Music's attorney, Peter

Anderson, to discuss Plaintiffs' intention to amend the Complaint as reflected above.  To date,

Mr. Anderson has not responded or objected to Plaintiffs' proposed amendment.

Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad

faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the

opposing party if leave is granted, or the proposed amendment would be futile.  *Foman v. Davis*,

371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a); *see also Duling v. Gristede's Operating Corp.*

*Eyeglasses*, 265 F.R.D. 91, 96-97 (S.D.N.Y. 2010) ("To the extent a proposed amendment would

Hon. Paul A. Crotty
Re:  **Twelve Sixty LLC v. Extreme Music Library Ltd.**
March 9, 2017
Page 3

add new parties, the motion is technically governed by Rule 21 . . . . However, 'the same

standard of liberality' applies under either Rule.") (citations and internal quotations omitted).

Plaintiffs' anticipated motion is made in good faith, would not result in any prejudice to

Extreme Music, and is timely given that the case was recently transferred to this Court and the

parties have not conducted any discovery yet.  Adding new defendants also will promote judicial

economy and limit the number of lawsuits that Plaintiffs would otherwise need to file.  *See, e.g.*,

*Randolph–Rand Corp. of N.Y. v. Tidy Handbags, Inc.*, No. 96-cv-1829, 2001 WL 1286989, at *4

(S.D.N.Y. Oct. 24, 2001) (granting plaintiff's motion to join co-defendant because separate

actions "would run counter to the interests of judicial economy" and "might well require the

repetition of many of the same efforts expended in the [pending] case").

Given that the filing of an amended complaint would moot the pending Motions,

Plaintiffs respectfully request that the Court vacate the Motions, without prejudice to refiling, if

necessary and appropriate.

We appreciate your Honor's consideration this request.  Plaintiffs' counsel can be

available for a pre-motion conference at the Court's convenience and is prepared to file the

anticipated motion and proposed amended complaint upon receiving permission to do so.

Respectfully,

s/ Andrew B. Brettler

cc:    Peter J. Anderson, Esq. (*via email*)
       Michael G. Marderosian, Esq. (*via email*)
       Heather S. Cohen, Esq. (*via email*)
       Brian G. Wolf, Esq.

K:\6051-8\LET\ABB-PAC 030917.wpd