

**LEGAL DEPARTMENT**
RICHARD H. REIMER
SENIOR VICE PRESIDENT - LEGAL

May 23, 2018

**ECF Filing and U.S. Mail**
Hon. Paul A. Crotty
United States Courthouse
500 Pearl Street, Courtroom 14C
New York, NY 10007-1312

    Re:    *Twelve Sixty LLC, et al. v. Extreme Music Library Limited, et al.* **Case No. 1:17-CV-01479-PAC**

Dear Judge Crotty:

    As the Court will recall from the discovery conference on April 13, 2018 concerning this matter, I represent nonparty American Society of Composers, Authors and Publishers (ASCAP). I write in response to counsel for Plaintiffs' letter dated May 21, 2018, in which counsel -- Mr. Marderosian -- requests "that this Court direct ASCAP to produce the requested records without redaction such that Plaintiffs may obtain the information that ASCAP is maintaining as it pertains to Plaintiffs and their music."

    I respectfully ask that the Court deny Mr. Marderosian's request for two reasons, discussed in detail below: First, the request, when read in the light of the Plaintiffs' other demands for production of documents from ASCAP, is burdensome in the extreme. And second, as a result of ASCAP's production of documents to date in response to Plaintiffs' initial subpoena, Plaintiffs already know that ASCAP has no record of either paying any public performance royalties to the individual plaintiffs, or paying anyone else royalties for public performances of the Plaintiffs' music.[1]

    I understand that Plaintiffs are seeking discovery from ASCAP because they believe that somehow, Defendants have conspired to register with ASCAP works written by the individual plaintiffs but using different composers' names -- presumably, the names of ASCAP members. This, Plaintiffs assert, has enabled Defendants to divert to themselves (and perhaps others as

---

[1] It is an undisputed fact that the two individual plaintiffs, Aron Marderosian a/k/a Aron Mardo and Robert Marderosian a/k/a Robert Mardo, both are affiliated with BMI. I can represent to the Court that neither is now, nor ever has been, a member of ASCAP. Similarly, the lead plaintiff, Twelve Sixty never has been a member of ASCAP, and ASCAP has never paid any royalties to that entity.

**AMERICAN SOCIETY OF COMPOSERS, AUTHORS & PUBLISHERS**
ASCAP BUILDING, ONE LINCOLN PLAZA NEW YORK, NY 10023
PHONE: 212.621.6261 FAX: 212.787.1381 E-MAIL: rreimer@ascap.com
www.ascap.com

well) public performance royalties that otherwise would be payable to Plaintiffs. Thus far, however, despite all of the discovery conducted by Plaintiffs to date, they have yet to uncover any facts to support their assertions. As a result, the burden that would be imposed on ASCAP in attempting to comply with Plaintiffs' pending discovery demands far outweighs any possible benefit of that discovery given the likely absence of any documents to support Plaintiffs'

At the time of the April 13 conference, ASCAP had substantially complied with Plaintiffs' Subpoena dated March 8, 2018. That Subpoena sought documents containing information pertaining to four compositions. ASCAP produced documents that demonstrated that ASCAP's records listed each work as having been co-written by the individual plaintiffs and that publishing interests in each work are held by Extreme Music Library and various of its affiliated companies that are either affiliates of BMI or a member of the British PRO, PRS. Plaintiffs were not satisfied with the results demonstrated by the documents ASCAP produced in response to that Subpoena, however. Mr. Marderosian followed up the Subpoena with a series of requests for additional documents, including cue sheets for specific episodes of television series. ASCAP produced those cue sheets.

Plaintiffs served a second Subpoena on ASCAP on April 3, 2018, seeking certain specific documents relating to two compositions co-written by the individual plaintiffs and cue sheets for a specific television series. ASCAP promptly complied with the Subpoena, providing the requested documents for the two compositions and a sample cue sheet for the television series (one of a total of 46 cue sheets that ASCAP possesses for that series, listing a performance of one of the two compositions and showing the individual plaintiffs' BMI affiliation).

Plaintiffs served a third Subpoena on ASCAP on May 8, 2018, seeking "Any and all DOCUMENTS including, but not limited to, any song registrations, surveys, promo logs, or CUE SHEETS, listing or referencing either 'Aron Mardo' or 'Aron Marderosian' and/or 'Robert Mardo' or 'Robert Marderosian.'"[2] Mr. Marderosian is well aware that the scope of work that would be required if ASCAP were to comply with these most recent demands is massive. ASCAP has nearly 500 work registrations for each individual plaintiff, and their works are listed on approximately 1500 cue sheets. As noted in Mr. Marderosian's May 21 letter, he and I had been discussing the manner in which ASCAP might comply with his latest discovery demands. As recently as the date of his letter, we were close to an agreement as to what ASCAP would produce. However, he misstates ASCAP's position with respect to redaction of work records for the individual plaintiffs' compositions. What I said to Mr. Marderosian was that the information that ASCAP needs to redact from the work records is "proprietary and confidential information and data <u>related to ASCAP members and their royalty distributions</u>." As neither individual plaintiff is a member of ASCAP and neither receives any royalties from ASCAP, the redacted portions of the work records are meaningless as far as they are concerned.

---

[2] On May 11, 2018, Plaintiffs served ASCAP with a "Notice of Taking the Deposition of ASCAP with Request for Production of Documents" that seeks, among other things, the same documents listed in the third Subpoena.

      There is, however, a simple way to provide Defendants' with a solution to their conundrum. Presumably, Plaintiffs' persistent discovery demands of ASCAP are designed to determine whether anyone other than the individual plaintiffs are being paid royalties for performances of Plaintiffs' works. As Mr. Marderosian knows, one of Extreme Music Library's affiliated companies, Extreme Production Music USA is the only affiliated company that is a member of ASCAP. The full Extreme Production Music USA catalog is available for downloading from the ASCAP website, www.ascap.com/repertory. Mr. Marderosian can download the catalog into an Excel spreadsheet and search for any particular work title that he might believe is a work of one of the individual plaintiffs listed under some other composer's name.

To cite a concrete example, in ASCAP's responses to prior discovery demands, we identified two works with the title "Mulholland Drive." There is a work in the Extreme Production Music USA catalog with that title, written by ASCAP writer members Nicholas Robert Phoenix and Thomas Bergerson; and there is another work record in ASCAP's records with the same title co-written by the individual plaintiffs. Extreme Music Library has sound files of both works available on its website. Anyone can access the sound files for both works and readily ascertain whether or not they are the same work -- in this case, they clearly are not.

      For all of the above reasons, I respectfully ask that the Court deny Plaintiffs' request for the burdensome discovery of ASCAP as set forth in Mr. Marderosian's May 21 letter. I should note, however, that ASCAP is prepared to make one further production of documents on the terms I last offered to Mr. Marderosian.[3]

                    \*         \*         \*

      Lastly, I want to assure the Court that there is no basis for Mr. Marderosian's assertion that "Extreme's counsel is also working closely with [me] in regard to the documents that Plaintiffs are seeking from ASCAP." I have seen Mr. Zakarin's letter of May 22, 2018 and while I, in turn, greatly respect his abilities and have "worked closely" with him in the past on other matters involving the ASCAP publisher members he represents, that has not been the case here. As a member-owned and governed association, it is entirely appropriate that when ASCAP's interests are aligned with individual members in litigated matters, counsel may apprise each other of developments in those matters. That is all that has occurred in this case.

                                                                                      Respectfully yours,

                                                                                      Richard H. Reimer

RHR:

cc: All Counsel (via ECF)

---

[3] If the Court is going to hold a conference to address this matter as requested by Mr. Marderosian, I respectfully ask that the conference not be scheduled for late morning on June 8th as I currently have a conference scheduled for that date and time in a matter pending before Judge Cote.