# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Twelve Sixty LLC et al | ) |
|---|---|
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:17-cv-01479-PAC |
| Extreme Music Library Limited et al | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     TUNESAT, LLC, 1650 Broadway, Suite 1114, New York, NY 10019

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attached Schedule A.

| Place: Pryor Cashman LLP<br>7 Times Square<br>New York, NY 10036 | Date and Time:<br><br>05/02/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/03/2018

CLERK OF COURT

OR

_____            _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Extreme Music Limited and Extreme Music Library Limited           , who issues or requests this subpoena, are:

Ross M. Bagley, Esq., Pryor Cashman LLP, 7 Times Square, New York, NY 10036

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-01479-PAC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.   The instructions and definitions of the Federal Rules of Civil Procedure and the Local Civil Rules, including, without limitation, the definitions and rules of construction contained in Rule 34(a) of the Federal Rules of Civil Procedure and Local Civil Rules 26.2 through 26.4, are incorporated herein by reference, and are made a part hereof, except insofar as such instructions or definitions are specifically amended, modified or supplemented below. The following definitions also form an integral part of these requests for production

2.   "You," or "TuneSat" shall refer to TuneSat, LLC, and any and all officers, directors, members, employees, agents, parents, affiliates, predecessors, predecessors of affiliates, subsidiaries, successors, assigns, representatives, servants, attorneys, consultants, and/or other persons authorized to act, acting, or purporting to act on behalf of any of them.

3.   "Plaintiffs" shall refer to Twelve Sixty LLC, Aron Marderosian, and Robert Marderosian, and any of their successors, assigns, representatives, servants, attorneys, consultants, any entity owned or controlled by any of them, any "d/b/a" of any of them, and/or any other persons authorized to act, acting, or purporting to act on behalf of any of them.

4.   "Extreme" shall refer to The Extreme Music Library Limited and Extreme Music Limited, and any and all officers, directors, employees, agents, parents, affiliates, predecessors, predecessors of affiliates, subsidiaries, successors, assigns, representatives, servants, attorneys, consultants, and/or other persons authorized to act, acting, or purporting to act on behalf of any of those Persons.

5.   "Viacom" shall refer to Viacom International, Inc. and any and all officers, directors, members, employees, agents, parents, affiliates, predecessors, predecessors of affiliates,

subsidiaries, successors, assigns, representatives, servants, attorneys, consultants, and/or other persons authorized to act, acting, or purporting to act on behalf of any of those Persons including without limitation MTV Networks, Viacom Media Networks, New Remote Productions Inc. and/or Defendant New Creative Mix Inc.

6. "Twelve Sixty" shall refer to Twelve Sixty LLC and any and all officers, directors, members, employees, agents, parents, affiliates, predecessors, predecessors of affiliates, subsidiaries, successors, assigns, representatives, servants, attorneys, consultants, and/or other persons authorized to act, acting, or purporting to act on behalf of any of those Persons.

7. "NCM" shall refer to defendant New Creative Mix Inc. and any and all officers, directors, members, employees, agents, parents, affiliates, predecessors, predecessors of affiliates, subsidiaries, successors, assigns, representatives, servants, attorneys, consultants, and/or other persons authorized to act, acting, or purporting to act on behalf of any of those Persons.

8. "Defendants" shall refer to Extreme, Viacom and NCM.

9. "Action" shall mean the litigation between Plaintiffs and Defendants captioned *Twelve Sixty LLC et al v. Extreme Music Library Limited et al*, 17-cv-01479-PAC.

10. "PRO" means any performing rights organization, which licenses the public performance rights in musical compositions, collects and/or distributes royalties for public performance uses including without limitation Broadcast Music, Inc., ("BMI") and/or American Society of Composers, Authors and Publishers ("ASCAP").

11. "Communication(s)" means any statement, presentation, disclosure, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise.

12. "Document" means any medium upon which information or intelligence can be recorded or retrieved, including without limitation, any written, graphic, or audio matter, or other

means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletypes, telefaxes, electronic mail entries, bulletins, inter-office or intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, periodical articles, releases (any and all drafts, alterations, and modifications, changes, and amendments of any of the foregoing), graphic or audio records of representations of any kind, including, without limitation, electronic audio files in .mp3, .mp4, or any other format, microfilm, microfiche, photographs, charts, videotape, recordings, voice messages, motion pictures, mini-discs, floppy discs, memory sticks, USB drives, CD-ROM discs, DVDs, cassettes, tapes, records, discs, or mechanical or electronic recordings or representations of any kind. A draft or non-identical copy is a separate "document" within the meaning of this term. Computer generated or stored documents, including computer files or data, electronic mail, and information on hard disk that has been erased but is retrievable constitutes documents within the meaning of this definition.

13. The term "Person" means any natural person or any business, professional, social, legal or governmental entity.

14. "Concerning" means relating, referring, or pertaining to, describing, evidencing, embodying, constituting, supporting, corroborating, providing, showing, refuting, disputing, rebutting, and/or contradicting.

15. "Including" means "including without limitation."

16. Each of the terms "each" and "any" and "all" shall be construed inclusively to mean "each and any and all."

17. The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

18. The use of the singular form of any word includes the plural and vice versa.

19. The use of a pronoun of any gender shall be construed as including, as applicable, any gender.

## INSTRUCTIONS

A. If documents or things are withheld on the basis of any privilege or doctrine, you must provide a privilege log of the withheld documents with sufficient information to enable the RKF to make a determination about whether the claimed privilege or doctrine applies, including all author(s), all recipient(s), the date of the document, the type of document (memorandum, letter, etc.) and the general subject matter of the document.

B. All responses to the document requests shall include such documents as are in your custody, possession or control, including documents in the custody, possession or control of your employees, agents, attorneys, accountants, or other representatives acting on his or her behalf. If any document requested herein is in the possession, custody or control of another, please identify the person having such document in his or her possession, custody or control.

C. If any document which concerns anything about which the document requests ask has been destroyed, identify the document, the date of destruction and the name of the person who ordered or authorized the destruction.

D.  Unless the parties mutually agree otherwise in writing or unless it would render the parties unable to review or process the production (such as, for example, if you use a proprietary program), documents shall be produced both in their native file format and in static format and shall include all metadata (metadata to include, but not necessarily be limited to: document type; parentID; AttachID/attachment information; page count; custodian; author/to; recipient/from; cc; bcc; subject; title; comments; date created; all modification dates; person(s) who modified; all access dates; person(s) who accessed; date sent; date received; directory path; file name; file size; starting production number; ending production number). In particular, you are requested to use the following production format for electronically stored information ("ESI"): (i) metadata in a comma delimited file format; (ii) single-page Group IV TIFF images branded with sequential document control numbers; (iii) text rendering of native files (comparable to OCR); (iv) link to native file; and (v) exception reports/image placeholders must be provided for all data files that cannot be rendered to TIFF because the file is an unsupported file type, is password encrypted or is corrupt. For non-ESI documents, you are requested to produce documents in the following format: (i) single-page Group IV TIFF images branded with sequential document control numbers; (ii) page level OCR for each TIFF image which is delivered; and (iii) identify custodian name and location, along with correlating document control number in a comma delimited file format.

E.  If you are unable to produce metadata for a particular field, you are requested to provide an explanation of that inability with your document production.

F.  If an electronic document requires redaction before production, you are requested to produce the redacted document in TIFF. To the extent that the electronic document's text is

searchable in the native format, you shall provide searchable text for those portions of the document that have not been redacted.

G. Documents that are not practical to convert to TIFF (e.g., spreadsheets) may be produced in an electronic format suitable for loading to a litigation support database with links to the native files.

H. For any documents that are encrypted or password-protected, you are requested to provide a means to gain access to those native files (e.g., by supplying passwords).

I. Any photographic images created and/or maintained in electronic format will be produced in that format.

J. If no documents or things exist that are responsive to a particular paragraph of the document requests, so state in writing.

K. All documents described herein are to be produced as kept in the ordinary course, with all labels or similar markings intact, and with the name of the person from whose files it was produced.

L. The document requests are continuing and require further and supplemental production by you whenever you locate, acquire, or create additional responsive documents between the time of the initial production hereunder and the time of the trial in this matter.

## DOCUMENT REQUESTS

Please see the Definitions and Instructions above, which apply to the following Document Requests.

1. All communications between TuneSat and Plaintiffs.

2. All agreements between TuneSat and Plaintiffs.

3. All documents concerning Plaintiffs' use of TuneSat's services.

4.      All documents reflecting payments made by Plaintiffs to TuneSat.

5.      Documents sufficient to identify the content that Plaintiffs searched, or that TuneSat searched at Plaintiff's direction, using TuneSat's services.

6.      Documents sufficient to identify how TuneSat detected the public performance use of any sound recording provided by Plaintiffs to TuneSat.

7.      Copies of each audio file that Plaintiffs uploaded or provided to TuneSat.

8.      Copies of each audio detection provided by TuneSat to Plaintiffs.

9.      Copies of each audio detection identified in response to any and all searches by Plaintiffs, or at Plaintiffs' direction, using TuneSat's services.

10.     All documents reflecting activity in any and all of Plaintiffs' TuneSat accounts, including documents showing Plaintiffs' receipt of audio files, tagging of audio files, export of data from TuneSat or editing of metadata.

11.     All documents concerning any corrections to data searched by Plaintiffs, or searched at Plaintiffs' direction, using TuneSat's services.

12.     All documents concerning vetting, per TuneSat's website, by TuneSat of the detections reported by TuneSat to Plaintiffs.

13.     All communications with any PRO concerning Plaintiffs or any sound recording Plaintiffs provided to TuneSat or any detection TuneSat reported to Plaintiffs.

14.     All reports of detections resulting from searches by Plaintiffs, or at Plaintiffs' direction, using TuneSat's services.

15.     All communications with Plaintiffs concerning any detection identified by TuneSat for Plaintiffs or identified by Plaintiffs using TuneSat's services.

16. Any study or analysis by TuneSat concerning the percentage of public performance uses of "production music" reported by PROs relative to the detections made by TuneSat or by any TuneSat user.

17. All documents concerning any response by any PRO to any claim of a failure to report uses of recordings detected by TuneSat or by any TuneSat user.

18. All representations or licenses issued by Plaintiffs to TuneSat.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWELVE SIXTY LLC, ARON MARDEROSIAN, and ROBERT MARDEROSIAN,<br><br>Plaintiffs,<br><br>-against-<br><br>EXTREME MUSIC LIBRARY LIMITED, a division of Sony/ATV Music Publishing; EXTREME MUSIC LIMITED; VIACOM INTERNATIONAL, INC.; NEW CREATIVE MIX INC.; HYPE PRODUCTION MUSIC,<br><br>Defendants. | Civil Case No. 1:17-cv-01479-PAC<br><br>ECF Case<br><br>*District Judge:* Hon. Paul A. Crotty<br>*Magistrate:* Hon. Gabriel W. Gorenstein |

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Defendants The Extreme Music Library Limited and Extreme Music Limited (together, "Extreme"), by and through its undersigned counsel will cause the attached subpoena to be served on TuneSat, LLC, which calls for the production of documents as stated therein on or before May 2, 2018, to the law offices Pryor Cashman LLP, 7 Times Square, New York, NY 10036.

Dated: New York, New York
April 3, 2018

                                              PRYOR CASHMAN LLP

                                              By:    *s/ Donald S. Zakarin*
                                                      Donald S. Zakarin
                                                        Ross M. Bagley
                                                        Rebecca M. Siegel
                                          7 Times Square
                                          New York, New York 10036

(212) 421-4100
dzakarin@pryorcashman.com

*Attorneys for Defendants Extreme Music Library Limited and Extreme Music Limited*

To:  Mick Marderosian, Esq.
Marderosian & Cohen P.C.
1260 Fulton Street
Fresno, CA 93721
mgm@mcc-legal.com

Andrew B. Brettler, Esq.
Lavely & Singer P.C.
2049 Century Park East, Suite 2400
Los Angeles, CA 90067
abrettler@lavelysinger.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2018, the foregoing document was served on the following counsel via email and US Mail pursuant to the parties' February 20, 2018 service agreement:

To:   Mick Marderosian, Esq.
      Marderosian & Cohen P.C.
      1260 Fulton Street
      Fresno, CA 93721
      mgm@mcc-legal.com

      Andrew B. Brettler, Esq.
      Lavely & Singer P.C.
      2049 Century Park East, Suite 2400
      Los Angeles, CA 90067
      abrettler@lavelysinger.com
      *Attorneys for Plaintiffs*

                                        *s/Ross M. Bagley*
                                        Ross M. Bagley