UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
TWELVE SIXTY LLC, ARON MARDEROSIAN
and ROBERT MARDEROSIAN,

      Plaintiffs

    -against-

EXTREME MUSIC LIBRARY LIMITED, a
division of Sony/ATV Music Publishing;
EXTREME MUSIC LIMITED; VIACOM
INTERNATIONAL INC.; NEW CREATIVE MIX
INC.; and HYPE PRODUCTION MUSIC,

      Defendants.
------------------------------------------------------------ X

No. 1:17-CV-01479-PAC

Hon. Paul A. Crotty

**DECLARATION OF WOOK HWANG IN SUPPORT OF DEFENDANT VIACOM'S MOTION FOR SUMMARY JUDGMENT**

  I, WOOK HWANG, declare as follows:

  1.  I am a partner at Loeb & Loeb LLP, attorneys for Defendant Viacom International Inc. ("Viacom") in this action.  I am fully familiar with the facts set forth herein and respectfully submit this declaration in support of Viacom's motion, pursuant to Fed. R. Civ. P. 56, for summary judgment dismissing Plaintiffs' sole remaining claim for breach of contract as against Viacom.

  2.  Unless otherwise indicated, all materials identified herein constitute documents that have been produced, filed or otherwise exchanged in this action; excerpts of deposition testimony taken in this action; and/or exhibits introduced during depositions taken in this action.

  3.  Attached hereto as **Exhibit 1** is a true and correct copy of a Blanket Composer Agreement, dated as of May 19, 2010 (the "2010 Composer Agreement"), entered into between New Remote Productions Inc. and Plaintiff Twelve Sixty LLC ("Twelve Sixty"), for the services of Plaintiffs Aron and Robert Marderosian.

4. Attached hereto as **Exhibit 2** is a true and correct copy of a two-page letter amendment and Blanket Composer Agreement, dated March 7, 2011 (collectively, the "2011 Composer Agreement"), entered into between New Creative Mix Inc. and Twelve Sixty, for the services of Plaintiffs Aron and Robert Marderosian.

5. Attached hereto collectively as **Exhibit 3** are true and correct copies of four separate short form addenda to the 2011 Composer Agreement.

6. Attached hereto as **Exhibit 4** is a true and correct copy of a Co-Publishing Agreement, dated January 14, 2011 (the "Co-Publishing Agreement"), entered into between The Extreme Music Library Limited ("Extreme") and Viacom.

7. Attached hereto as **Exhibit 5** is a true and correct copy of a June 9, 2014 Amendment to the Co-Publishing Agreement (Ex. 4).

8. Attached hereto as **Exhibit 6** is a true and correct copy of relevant excerpts from the transcript of the July 13, 2018 deposition of Plaintiff Aron Marderosian, who was also designated to testify on behalf of Plaintiff Twelve Sixty.

9. Attached hereto as **Exhibit 7** is a true and correct copy of relevant excerpts from the transcript of the June 6, 2018 Rule 30(b)(6) deposition of Extreme and Extreme Music Limited (collectively, the "Extreme Defendants"), appearing by its Executive Vice President Dan Pounder.

10. Attached hereto as **Exhibit 8** is a true and correct copy of relevant excerpts from the transcript of the July 19, 2018 Rule 30(b)(6) deposition of Broadcast Music, Inc. ("BMI"), appearing by its Executive Vice President of Distribution, Publisher Relations and Administrative Services, Alison Smith.

11. Attached hereto as **Exhibit 9** is a true and correct copy of the BMI Royalty Policy Manual (last updated Sept. 27, 2017), previously identified and introduced at the deposition of Alison Smith as Exhibit AS-6.

12. Attached hereto as **Exhibit 10** is a true and correct copy of the Performance License Agreement, dated April 1, 2008, entered into between BMI and Turner Broadcasting System, Inc., which was previously identified and introduced at the deposition of Alison Smith as Exhibit AS-12.

13. Attached hereto as **Exhibit 11** is a true and correct copy of the Performance License Agreement, dated July 1, 2007, entered into between BMI and A&E Television Networks, which was previously identified and introduced in the deposition of Alison Smith as Exhibit AS-13.

14. Attached hereto as **Exhibit 12** is a true and correct copy of relevant excerpts from the transcript of the July 20, 2018 deposition of Plaintiff Robert Marderosian, who was also designated to testify on behalf of Plaintiff Twelve Sixty.

15. Attached hereto as **Exhibit 13** are true and correct copies of the March 1997 agreements between BMI and Robert and Aron Marderosian, which agreements were previously identified and collectively introduced at the deposition of Alison Smith as Dep. Ex. AS-2.

16. Attached hereto as **Exhibit 14** is a true and correct copy of the list of songs that the Marderosians delivered to Defendants, which list was previously identified and introduced at the deposition of Aron Marderosian as Exhibit AM-5.

17. Attached hereto as **Exhibit 15** is a true and correct copy of relevant excerpts from the transcript of the June 4, 2018 Rule 30(b)(6) deposition of Viacom, appearing by its Senior Vice President for Global Music and Licensing Strategy, Anita Chinkes-Ratner.

18. Attached hereto as **Exhibit 16** is a true and correct copy of an email dated May 21, 2012, from Ernesto Elias to the Marderosians, which was previously identified and introduced at the deposition of Aron Marderosian as Exhibit AM-27.

19. Attached collectively hereto as **Exhibit 17** are true and correct copies of the accounting statements issued by Extreme to Plaintiffs (documents bates-labeled PLTF006822-7233).

20. Attached hereto as **Exhibit 18** is a letter from BMI's counsel to Plaintiffs' counsel, dated June 1, 2018, which was previously identified and introduced at the deposition of Alison Smith as Exhibit AS-17.

21. Attached hereto as **Exhibit 19** is a true and correct copy of the BMI "New Work Registration" records, which registration records were previously identified and introduced in the deposition of Alison Smith as Exhibit AS-10.

22. Attached hereto as **Exhibit 20** is a true and correct copy of the proposed expert report of Bob Kohn (the "Kohn Report"), dated August 17, 2018.

23. Attached hereto collectively as **Exhibit 21** is a true and correct copy of relevant excerpts from the transcript of the November 1-2, 2018 deposition of Bob Kohn.

24. Hundreds of cue sheets submitted to BMI by Viacom for Viacom programs have been produced in this action. The Kohn Report identifies only two shows in which he claims that Viacom did not submit cue sheets – *Jersey Shore* and *Ain't That America*. (Ex. 20 (Kohn Report) at 51-53).

25. Attached hereto collectively as **Exhibit 22** are true and correct copies of Viacom's cue sheet submissions to BMI for the episodes of the television program *Jersey Shore*

4

identified in the Kohn Report, which were previously identified and introduced at the deposition of Bob Kohn as Exhibit K-9.

26. Attached collectively hereto collectively as **Exhibit 23** are true and correct copies of Viacom's cue sheet submissions to BMI for the episodes of the television program *Ain't That America*, which were previously identified and introduced at the deposition of Bob Kohn as Exhibit K-11.

27. Attached collectively hereto as **Exhibit 24** are true and correct copies of relevant excerpts of Plaintiffs' BMI royalty statements reflecting the payment of royalties for song uses on the episodes of the television series *Jersey Shore* and *Ain't That America* as to which the Kohn Report contended Viacom did not submit cue sheets.

28. Attached collectively hereto as **Exhibit 25** are a true and correct copies of the six Viacom cue sheet submissions to BMI which incorrectly identified the Marderosians as "Performer(s)" rather than as "Composer(s)." Each of these were previously identified by Roger Miller, an expert retained by Viacom, in his expert report.

29. Attached hereto collectively as **Exhibit 26** is a true and correct copy of relevant excerpts from the transcript of the July 19, 2018 deposition of BMI, appearing by its Director of Distribution and Administration Services, Antonella Di Saverio.

30. Attached hereto as **Exhibit 27** is a true and correct copy of the Declaration of Seth Saltzman, dated December 20, 2018.

31. Submitted herewith as **Exhibit 28** is a true and correct electronic copy of the TuneSat data spreadsheet produced by TuneSat in this action (TS000769) pursuant to non-party subpoena.

32. Attached hereto as **Exhibit 29** is a true and correct of relevant excerpts of Exhibit 28 (TS0000769) sufficient to identify the number of data rows contained in the TuneSat spreadsheet. Due to the large size of the TuneSat spreadsheet, this exhibit contains only the first two pages and last two pages thereof, showing the number of rows in the left-hand side.

33. Attached hereto as **Exhibit 30** is a true and correct copy of the proposed expert report of Karen Rodriguez (the "Rodriguez Report"), excluding exhibits, dated August 16, 2018,.

34. Attached hereto as **Exhibit 31** is a true and correct copy of relevant excerpts of the spreadsheet constituting Exhibit A to the Rodriguez Report. Due to the large size of Exhibit A to the Rodriguez Report, this excerpt contains only the first two pages and last two pages of the Rodriguez Report, Exhibit A spreadsheet, showing the number of rows in the left-hand side. The last page reflects Ms. Rodriguez's calculation that TuneSat's broadcast detections of the songs at issue in this action total of 154,876 minutes.

35. Attached hereto as **Exhibit 32** is a true and correct copy of relevant excerpts from the transcript of the November 8, 2018 deposition of Karen Rodriguez.

36. Attached hereto as **Exhibit 33** is a true and correct copy of the Declaration of Chris Woods, TuneSat's Chief Operating Officer, dated December 7, 2018.

37. Attached hereto as **Exhibit 34** is a true and correct copy of relevant excerpts of the hard copy of Exhibit B to the Rodriguez Report. Due to the large size of Exhibit B to the Rodriguez Report, this excerpt contains the first two pages and last two pages of the hard copy printout of Rodriguez Report, Exhibit B. The last page thereof reflects Ms. Rodriguez's calculation that BMI reported 12,630 minutes of television usage time of the Songs in the US from 2013-2017.

38.     Attached hereto collectively as **Exhibit 35** are true and correct copies of e-mail communications with the Plaintiffs concerning the placement of the Songs in Viacom programming, which e-mails were previously identified and introduced in the deposition of Aron Marderosian as Dep. Exs. AM-16, AM-19, and AM-25.

39.     Attached hereto as **Exhibit 36** is a true and correct copy of the email string, dated August-September 2013, between (anong others) Robert Marderosian and Ernesto Elias, which e-mail string was previously identified and introduced in the deposition of Robert Marderosian as Dep. Ex. RM-5A.

40.     Attached hereto collectively as **Exhibit 37** are true and correct relevant excerpts from the deposition of Jose Cuello, dated July 11, 2018.

41.     Attached hereto collectively as **Exhibit 38** are true and correct relevant excerpts from the deposition of Ernesto Elias, dated July 11, 2018.

42.     Based on my review of the document productions in this action, there is no correspondence from Plaintiffs or any other documentary evidence in which Plaintiffs registered a complaint that Viacom was not paying license fees to use the songs at issue in this action.

I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 11th day of March, 2019.


WOOK HWANG

17176350