# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
TWELVE SIXTY LLC, ARON MARDEROSIAN :
and ROBERT MARDEROSIAN, :
 :
        Plaintiffs :
 :
    -against- :
 : No. 1:17-CV-01479-PAC
EXTREME MUSIC LIBRARY LIMITED, a :
division of Sony/ATV Music Publishing; :
EXTREME MUSIC LIMITED; VIACOM :
INTERNATIONAL INC.; NEW CREATIVE MIX :
INC.; and HYPE PRODUCTION MUSIC, :
 :
        Defendants. :
------------------------------------------------------------- X

# VIACOM DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Viacom International Inc. ("Viacom") and New Creative Mix Inc. ("New Creative") (collectively, "Viacom Defendants") hereby make the following initial disclosures. These initial disclosures reflect the current knowledge of Viacom Defendants and its counsel and represent its good faith effort to identify information subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(1). Viacom Defendants' initial disclosures are subject to, and made without waiver of, Viacom Defendants' right to assert any and all objections to the competency, relevancy, materiality, privilege, work-product, use and/or or admissibility as evidence, for any purpose, of any of the following initial disclosures, or of the subject matter of these initial disclosures, in these or any subsequent proceedings. Viacom Defendants reserve the right at any time to supplement, revise, correct, add to, or clarify the disclosures set forth herein, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

## I. PERSONS WITH KNOWLEDGE [FED. R. CIV. P. 26(a)(1)(A)(i)]

The following individuals are likely to have discoverable information that Viacom Defendants may use to support their defenses, unless such information would be used solely for impeachment:

1. Plaintiffs Aron and Robert Marderosian, and current and former employees and agents of Plaintiff Twelve Sixty LLC, concerning the composer agreement (the "2011 Composer Agreement") allegedly breached by Defendants (the "FAC"), the music delivered by Plaintiffs pursuant thereto, the alleged uses of such music, the royalties paid to Plaintiffs by non-party Broadcast Music, Inc. ("BMI"), the licensing fees paid to Plaintiffs by Defendants Extreme Music Library Limited and/or Extreme Music Limited ("Extreme Defendants"), and the other allegations set forth in the FAC relating to Plaintiffs' remaining claims for breach of contract.

2. Current and former employees and agents of Broadcast Music, Inc. ("BMI"), concerning the royalties paid to Plaintiffs.

3. Current and former employees and agents of the Extreme Defendants, concerning uses of the songs delivered by Plaintiffs pursuant to the 2011 Composer Agreement and the licensing fees paid pursuant thereto.

4. Current and former employees and agents of non-party TuneSat, concerning the alleged used of the songs delivered by Plaintiffs pursuant to the 2011 Composer Agreement.

5. Anita Chinkes-Ratner, Senior Vice President, Viacom, c/o the undersigned counsel, concerning the BMI royalties paid to Plaintiffs and the Viacom Defendants, the Viacom Defendants' efforts in connection with such royalties, and the agreements between the Viacom Defendants and the Extreme Defendants governing the uses of the music delivered by Plaintiffs pursuant to the 2011 Composer Agreement.

Viacom Defendants expressly reserve the right to identify and call additional persons as witnesses who, based on further investigation and discovery, are found to have information that Viacom Defendants may use to support their defenses and to amend these disclosures accordingly if necessary or appropriate. Moreover, Viacom Defendants reserve the right to use or rely on or seek the testimony of any other individuals (i) identified in documents produced during discovery or by other parties in this action to support their claims and/or defenses or (ii) called to testify by any other parties to this action.

## II. DESCRIPTION OF DOCUMENT CATEGORIES [FED. R. CIV. P. 26(a)(1)(A)(ii)]

Subject to the reservation of all rights and privileges set forth above, Viacom Defendants describe the following categories of documents, electronically stored information, and tangible things currently in its possession, custody, or control that it may use to support its claims or defenses, with the exception of those documents intended to be used solely for impeachment:

1. The 2011 Composer Agreement, which has been produced and/or is part of the record in this action, and documents and communications relating thereto.

2. Agreements between Viacom Defendants and Extreme Defendants, governing the uses of the music delivered by Plaintiffs pursuant to the 2011 Composer Agreement and the licensing fees paid pursuant thereto, which have been produced and/or are part of the record in this action, and documents and communications relating thereto.

3. Documents and communications concerning the BMI royalties owed and/or paid to Plaintiffs by BMI in connection with uses of the songs delivered by Plaintiffs pursuant to the 2011 Composer Agreement.

4. Communications with Plaintiffs' counsel concerning Plaintiffs' claims against the Viacom Defendants, including those asserted in this action.

**III.** **COMPUTATION OF DAMAGES [FED. R. CIV. P. 26(a)(1)(A)(iii)]**

Not applicable.

**IV.** **APPLICABLE INSURANCE AGREEMENTS [FED. R. CIV. P. 26(a)(1)(A)(iv)]**

None.

Dated: New York, New York
February 23, 2018

                LOEB & LOEB LLP

                By: */s/ Wook Hwang*
                    Jonathan Zavin
                    Wook Hwang
                    Erin Smith Dennis
                    345 Park Avenue
                    New York, New York 10154-1895
                    (212) 407-4000

                *Attorneys for Defendants Viacom International Inc.*
                *and New Creative Mix Inc.*

15754867